UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SAVOIE,

                Plaintiff,

v.

SHARON OLIVER et al.,

                Defendants.

_____/

Case No. 2:23-cv-11357

Honorable Susan K. DeClercq
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING IN PART DEFENDANTS'
OBJECTIONS, (2) ADOPTING IN PART MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, (3) GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS, AND (4) GRANTING IN PART
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendants have objected to the magistrate judge's report which recommends

denying their motion to dismiss and partially denying their motions for summary

judgment. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below,

Defendants' objections with respect to the motion to dismiss and the motions for

summary judgment will be overruled and sustained in part. The remainder of the

R&R will be adopted for lack of prejudicial clear errors.

## I. Background

Plaintiff Joseph Savoie was incarcerated at the Saginaw Correctional Facility

(SRF) in Saginaw County, Michigan. ECF No. 1 at PageID.2. He alleges that, during

his incarceration, various employees at SRF violated the Eighth Amendment of the United States Constitution by being deliberately indifferent to his numerous medical conditions: chronic obstructive pulmonary disease, psoriasis, and injuries to his spine, left knee, right ankle. *See generally id.*

Savoie challenged his deficient medical treatment by filing three grievances through the Michigan Department of Correction's (MDOC) three-step process. ECF No. 27 at PageID.451–53.

**SRF-549**. Savoie's first Step I grievance has the "Date of Incident" written as April 16–June 4, 2021, and was filed on the latter:

> I've asked medical to move me to a facility that deals with people like me. Low oxygen and in need of surgeries, I can't exercise here or move around without my oxygen going below 91%. I've wrote over 100 med kites in the last year & 3 months for oxygen, and I've asked "Oliver Dr." about a wheelchair. I'm told I do not fit the criteria, but they give them to people with sprained ankles?? I've been approved for total knee replacement and ankle fused for no motion. Can't sleep or get exercise, and I've gained 40 pounds. Need a medical diet.

ECF No. 18-3 at PageID.348 (cleaned up).

**SRF-733**. On August 7, 2022, Savoie filed a second Step I grievance, writing the "Date of Incident" as April 8, 2021–August 3, 2022:

> I have Psoriasis on 60% of my body and have asked for Medical Help for it over a year and 4 months, and all I have received is hand lotion, and a couple times Betamethasone, and methotrexate which made me extremely ill, my Doctor said. Since Medical waited so long to treat it right, I need U.V.B. treatments because topical steroids are for small areas, and I have open wounds where I scratched it until it bleeds. I have been constantly harassed by inmates and have gotten into 3 fights over inmates saying I shouldn't use

- 2 -

the same shower. I wear long john tops and bottoms so inmates will leave me alone, and I stay in my room. And now I have been told by Henry Ford Hospital that they can't do the surgery, because SRF's medical dept neglected to take care of it the right way. Still in pain and can hardly walk.

*Id.* at PageID.344 (cleaned up).

**SRF-995**. On October 31, 2022, Savoie's filed a third Step I grievance with a "Date of Incident" from April 8, 2021–October 28, 2022:

> Not sure who is on the power kick, but this is my 4th grievance, all denied, so I'm not sure who is at fault, Dr. Oliver or Susan McCauly or Grand Prairie Healthcare or Well Path or whoever is running Health Care Services, but here I sit still in pain needing multiple surgeries with low oxygen for 18 months, and over 150 medical requests later nothing has changed.

*Id.* at PageID.341 (cleaned up).

All three of Savoie's grievances were denied as vague at each step of the grievance process, so he sued the following Defendants under 42 U.S.C. § 1983:

- Susan McCauley, SRF's Health Unit Manager employed by MDOC;
- Sharyl Chamberlin, an employee at SRF employed by MDOC;
- Grand Prairie Healthcare Services (GPHS) and Wellpath, private contractors providing healthcare to incarcerated people at MDOC facilities;
- Sharon Oliver, a doctor at SRF employed by GPHS, Wellpath, or both; and
- Winifred Angir-Sisco, employed by GPHS, Wellpath, or both; and
- various John Does, employed by MDOC, GPHS, Wellpath, or some combination of them.

In response, Defendants filed:

- a motion to dismiss by Angir-Sisco, GPHS, and Wellpath, ECF No. 13;
- a motion for summary judgment by Angir-Sisco, Oliver, GPHS, and Wellpath, ECF No. 23; and

- a motion for summary judgment by Chamberlin and McCauley, ECF No. 18.

In December 2023, Magistrate Judge Kimberly G. Altman issued a report recommending that the motion to dismiss be denied and that the motions for summary judgment be granted and denied in part. ECF No. 27. First, Judge Altman recommends finding that Savoie stated a plausible *Monell* claim against GPHS and Wellpath for maintaining a policy, practice, or custom of understaffing medical personnel at SRF. *Id.* at PageID.471. Second, Judge Altman recommends granting summary judgment for Angir-Sisco and Chamberlin because Savoie failed to exhaust his available administrative remedies for claims against them. *Id.* at PageID.461–62. Finally, Judge Altman recommends denying summary judgment with respect to McCauley, Oliver, GPHS, and Wellpath because there is a material fact question as to whether Savoie's grievances, some of which identified those defendants by name, were improperly denied as too vague. *Id.* at Page ID.462–64.

Defendants have objected to Judge Altman's recommendations. ECF Nos. 28; 29. Although Judge Altman gave both parties 14 days to object, only Defendants did so. Therefore, Savoie has forfeited his right to appeal Judge Altman's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

- 4 -

## II. The Report and Recommendation

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

This Court has reviewed Savoie's complaint, ECF No. 1; Defendants' two motions for summary judgment, ECF Nos. 18; 23; the related responses and replies, ECF Nos. 21; 22; 25; 26; the motion to dismiss, ECF No. 13; the related response and reply, ECF Nos. 15; 20; Judge Altman's report and recommendation, ECF No. 27; Defendants' objections, ECF Nos. 28; 29; Savoie's response to the objections, ECF No. 30; and all other applicable filings and law.

Having conducted this *de novo* review, this Court will overrule all the objections except (1) GPHS and Wellpath's objection that Savoie has not plausibly alleged an "unofficial policy of understaffing," (2) Defendants' objection that SRF-733 is too vague, and (3) GPHS and Wellpath's objection that Savoie need not

- 5 -

exhaust administrative remedies for his claims against them because they are private entities. Finding no other prejudicial clear errors, the rest of Judge Altman's report will be adopted.

The result is that Defendants' motion to dismiss and their motions for summary judgment will be granted and denied in part. Specifically, Angir-Sisco and Chamberlin will be dismissed without prejudice based on Savoie's failure to exhaust, and Savoie's "unofficial policy of understaffing" claim against GPHS and Wellpath will be dismissed without prejudice. That will leave (1) Savoie's Eight Amendment claims against McCauley, Oliver, GPHS, Wellpath, and John Does 1–5 for deliberate indifference with respect to SRF-549 and SRF-995 and (2) his "official policy of understaffing" claim against GPHS and Wellpath.

### III. Analysis

### A. The Motion to Dismiss

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. If not, then the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Defendants GPHS, Wellpath, and Angir-Sisco filed a motion to dismiss Savoie's claims against them. ECF No. 13. The magistrate judge recommends keeping Savoie's *Monell* claims against GPHS and Wellpath for maintaining an unconstitutional official and unofficial policy, practice, or custom of understaffing medical personnel at SRF. ECF No. 27 at PageID.471.[1]

### 1. Official Policy

GPHS and Wellpath object to the recommendation that Savoie plausibly alleged an official policy of staffing shortages serious enough to cause unconstitutional delays in his medical care. ECF No. 28 at PageID.494–96.

Claims based on official policies "must 'identify the policy, connect the policy to the [entity] itself[,] and show that the particular injury was incurred because of the execution of that policy.'" *Graham ex rel. Est. of Graham v. Cnty. Of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where the identified policy is itself facially lawful, the plaintiff 'must demonstrate that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences.'" *Gregory v. City of*

---

[1] There will be no discussion with respect to Angir-Sisco, who will be dismissed from the case as Judge Altman recommends. *See* discussion *supra* Section II.

*Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (quoting *Bryan Cnty. Bd. of Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).

Here, Savoie has stated a plausible official-policy claim. Savoie has identified the policy and connected it to the entities: a contract between GPHS, Wellpath, and MDOC that provides fewer medical staff than did MDOC's previous contract with Corizon, the former healthcare provider at SRF. ECF Nos. 1 at PageID.15–16; 15 at PageID.112–13. Savoie also sufficiently alleged that the current policy is deficient because Corizon received notices that the previous policy caused inadequately slow treatment—despite higher staffing levels than MDOC's current contract. ECF No. 1 at PageID.15–16. And Savoie has alleged that the current policy caused his injuries: the understaffing delayed consultations for orthopedic surgery that he desperately needed but did not receive, thereby exacerbating his injuries. *See id.* at PageID.19–20. Savoie has also alleged the requisite deliberate indifference, identifying objections made to the State Administrative Board that Wellpath and GPHS "dramatically reduce the staffing for prisoner health care." ECF No. 15-2 at PageID.170–71.

Accordingly, with respect to Savoie's "official policy of understaffing" claim, GPHS and Wellpath's objection will be overruled, the report will be adopted, and the motion to dismiss will be denied.

## 2. Unofficial Policy

GPHS and Wellpath raise the same objection to Savoie's claim of an unofficial policy or custom of understaffing. ECF No. 29 at PageID.494–96; *see Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (explaining that *Monell* claims include those based on "a custom of tolerance or acquiescence of federal-rights violations").

Savoie's unofficial-policy claim will be dismissed. Among other requirements, Savoie must demonstrate "the existence of a clear and persistent pattern of illegal activity." *Thomas*, 398 F.3d at 429 (quoting *Doe v. Cnty. of Claiborne*, 103 F.3d 495, 508 (6th Cir. 1996)). To show a clear pattern, he must establish that others were subject to similar deprivations or injuries. *See id.* at 434 (rejecting "persistent pattern" argument because plaintiff "did not reach beyond the facts of [plaintiff's] case to show any possibility of a pattern"); *Winkler v. Madison Cnty.*, 893 F.3d 877, 902 (6th Cir. 2018) (same). But as the magistrate judge correctly recognized, Savoie has not alleged that the delays in his medical care were part of a widespread, ongoing issue affecting other prisoners. ECF No. 27 at PageID.469. Indeed, Savoie said so himself. ECF No. 15 at PageID.114 ("Mr. Savoie did not allege delays or denials of treatment as they relate to other incarcerated persons.").

Accordingly, with respect to Savoie's "unofficial policy of understaffing" claim, GPHS and Wellpath's objection will be sustained, the report will be rejected, and the motion to dismiss will be granted.

## C. The Motions for Summary Judgment

To prevail on summary judgment, movants must identify record evidence showing that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a). If so, then the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted), which requires more than "a mere scintilla of evidence," *id.* at 251, and more than "metaphysical doubt," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All inferences must be reasonable, logical, and drawn in the nonmovant's favor to determine whether any party must prevail as a matter of law. *See Liberty Lobby*, 477 U.S. at 251–52.

Defendants have requested summary judgment, arguing that Savoie failed to exhaust his administrative remedies properly. *See generally* ECF No. 18; 23 (citing the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a)). Specifically, Defendants say MDOC correctly rejected all three of Savoie's grievances as vague and that no reasonable juror could conclude otherwise. The magistrate judge concluded that there is a genuine fact question as to whether Savoie exhausted (1)

SRF-549 against Oliver; (2) SRF-995 against McCauley, Oliver, GPHS, and Wellpath; and (3) SRF-733 against Oliver, GPHS, and Wellpath. ECF No. 27 at PageID.456–65.[2]

### 1. Vagueness

McCauley, Oliver, GPHS, and Wellpath object that no "question of fact exist[s] regarding whether Plaintiff's grievances were properly rejected as vague pursuant to MDOC policy directive 03.02.130." ECF Nos. 28 at PageID.477–79; 29 at PageID.488–93. Here, a reasonable juror could conclude that MDOC improperly rejected SRF-549 and SRF-995 as vague, but no reasonable juror could reach the same conclusion with respect to SRF-733.

The PLRA requires people challenging conditions of confinement to exhaust their available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a). To that end, they must use the confining facility's internal grievance process—and do so *properly*, by complying with "critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The upshot of this system is that it gives facilities the first crack at addressing grievances on the merits. *Id.*; *see also Jones v. Bock*, 549 U.S. 199, 204 (2007).

MDOC has a three-step grievance process to review claims. Information in a

---

[2] There will be no discussion with respect to Angir-Sisco or Chamberlin, who will be dismissed from the case as Judge Altman recommends. *See* discussion *supra* Section II.

grievance must "be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (effective Mar. 18, 2019), *in* ECF No. 18-2 at PageID.330. MDOC may reject a grievance if "[i]t is vague, illegible, or contains multiple unrelated issues." *Id*. at PageID.328. Yet a grievance is sufficient if it gives "fair notice" of the alleged mistreatment or misconduct forming the basis of the claim. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The vagueness of a grievance is "a question of fact because an improper rejection would constitute exhaustion." *Bailey v. Mich. Dep't of Corr.*, No. 2:19-CV-13442, 2020 WL 4934314, at *5 (E.D. Mich. Aug. 24, 2020) (citing *Johannes v. Washington*, No. 2:14-CV-11691, 2016 WL 1253266, at *6 (E.D. Mich. Mar. 31, 2016)). And because failure to exhaust is an affirmative defense, *Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015), the defendants must "show that every reasonable jury would think the rejections were proper." *Johannes*, 2016 WL 1253266, at *6.

### a. SRF-549

A reasonable juror could conclude that MDOC improperly rejected SRF-549 as vague. SRF-549 provides the "who" (Oliver), the "what" (untreated low oxygen and unmet needs for a wheelchair, a medical diet, and surgery), and the "when"

(during the last year and three months). ECF No. 18-3 at PageID.348. Although SRF-549 does not clearly provide the "where," a reasonable juror could infer that Savoie was saying that the alleged violations occurred where SRF administered his healthcare. Thus, there is a question of material fact as to whether Savoie adequately provided the dates, times, names, and places required by MDOC's grievance policy. *See Bailey*, 2020 WL 4934314, at *5. Therefore, the claims in grievance SRF-549 will proceed against Oliver.

### b. SRF-995

A reasonable juror could conclude that MDOC improperly rejected SRF-995 as vague. Savoie provides the "who" by identifying McCauley, Oliver, GPHS, and Wellpath. ECF No. 18-3 at PageID.341. He provides the "what" by mentioning his ongoing pain, lack of prescribed surgeries, low oxygen, and Defendants' lack of response to more than 150 medical requests. *Id.* And he provides the "when" by dating his grievance from April 8, 2021–October 23, 2022. *Id.* At the very least, this information raises a question of material fact as to whether Savoie provided all the necessary times, people, and information necessary for MDOC to address the merits of his claims. *See Bailey*, 2020 WL 4934314, at *5. If so, then MDOC's rejection was improper, and Savoie's claims are exhausted. Because this fact question remains, summary judgment is inappropriate, and the claims in grievance SRF-995 will proceed against McCauley, Oliver, GPHS, and Wellpath.

### c. SRF-733

MDOC properly rejected SRF-733 as vague. Notably, Savoie does not contest this conclusion in his briefing. *See generally* ECF Nos. 15; 21; 25; 30.

To satisfy administrative exhaustion, a grievant must provide the administrative agency with enough information to give "fair notice" of the people implicated in the alleged wrongdoing. *Burton*, 321 F.3d at 575. This clarity ensures that the agency can appropriately address the grievances. *Id.*

Courts in this circuit have repeatedly held that a grievance that does not "identify a prison official by name" must at least include "other information identifying the official, such as the official's title or position or even the facts set forth in the grievance." *Nettles v. Edgar*, No. 1:22-CV-119, 2022 WL 16556063, at *6 (W.D. Mich. Sept. 22, 2022) (citing *Cary v. Washington*, No. 2:17-CV-13217, 2018 WL 5117812, at *8 (E.D. Mich. July 31, 2018)), *R&R adopted*, No. 1:22-CV-119, 2022 WL 16551462 (W.D. Mich. Oct. 31, 2022); *see also Calhoun v. Hill*, No. 2:07-CV-11613, 2008 WL 4277171, at *3 (E.D. Mich. Sept. 17, 2008) (finding exhaustion because "it is obvious from the facts alleged in the grievance that the defendant was involved" (citing *Binion v. Glover*, No. 2:04-CV-13443, 2008 WL 4097407, at *4 (E.D. Mich. Aug. 29, 2008))).

But SRF-733 is not so specific. It does not single out any person or indicate which specific members of the medical staff Savoie believes are at fault. Rather,

- 14 -

SRF-733 only mentions "my Doctor," "Medical," and "SRF's medical dept." *See* ECF No. 18-3 at PageID.344. Such "generic references to defendants in a grievance d[o] not satisfy exhaustion because those references fail[] to describe the defendants' involvement and [to] provide notice of the allegations." *Sedore v. Washington*, No. 2:23-CV-10647, 2024 WL 1376477, at *4 (E.D. Mich. Mar. 31, 2024) (citing *Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *2 (6th Cir. Mar. 19, 2018) (unpublished)).

Further undermining Savoie's claim to exhaustion is his inconsistent use of specific names. The precedent is clear: plaintiffs must include names known or reasonably knowable to them in their grievance to meet the exhaustion requirement. *Thomas v. Woolum*, 337 F.3d 720, 734 (6th Cir. 2003) ("[A] prisoner who named three officers in his grievance, and who could have but did not name two additional officers, had not exhausted his administrative remedies with respect to the two previously unnamed officers." (citing *Hartsfield v. Vidor*, 199 F.3d 305, 308–09 (6th Cir. 1999))), *abrogated on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006); *accord Merriweather v. Zamora*, No. 2:04-CV-71706, 2006 WL 2711809, at *9 (E.D. Mich. Sept. 21, 2006) (citation omitted).

Savoie's omission of specific names in SRF-733—especially given his prior and later ability to include them—is telling. In grievance SRF-549, filed before SRF-733, Savoie specifically identified Oliver, demonstrating the ability to identify the

other people he believes wronged him. ECF No. 18-3 at PageID.348. And in SRF-995, filed after SRF-733, Savoie identifies additional medical providers by name, further demonstrating that he could have, but did not, identify these people by name in SRF-733. *Id.* at PageID.341. Simply put, Savoie had access to the names he needed to include in SRF-733 to exhaust it, but he did not include them. Because Savoie's selective naming left MDOC without the necessary specifics to address his concerns regarding his psoriasis treatment, MDOC properly denied SRF-733 as too vague.

## 2. GHPS and Wellpath's Remaining Objection

Moving on from vagueness, the magistrate judge concluded that Savoie was not required to exhaust his grievances with respect to GPHS and Wellpath because they are entities, not people. *See* ECF No. 27 at PageID.462 (concluding that plaintiffs need not file grievances against private entities to exhaust administrative remedies properly). GPHS and Wellpath objected by citing *Kitchen v. Snyder*, No. 20-1936, 2021 WL 4470032, at *4 (6th Cir. June 23, 2021) (unpublished). ECF No. 29 at PageID.493.

This Court agrees that Savoie must have exhausted his administrative remedies with respect to GPHS and Wellpath by filing grievances against them. In *Kitchen*, the Sixth Circuit required the plaintiff to file a grievance against a medical contractor to exhaust his administrative remedies. 2021 WL 4470032, at *4.

- 16 -

Although unpublished, *Kitchen* aligns with this circuit's general approach. *See Bennett v. Mich. Dep't of Corr.*, No. 22-1863, 2023 WL 4678996 (6th Cir. July 21, 2023) (unpublished) (requiring plaintiff to file grievance against medical contractor to exhaust administrative remedies); *Vandiver v. Corr. Med. Servs.*, 236 F. App'x 885, 889 (6th Cir. 2009) (unpublished) (same).

Even so, Savoie specifically identified both entities in SRF-995. ECF No. 18-3 at PageID.341. And as discussed above, this is sufficient to raise a material fact question as to whether he exhausted his administrative remedies with respect to them. So while this objection will be sustained, and the report will be rejected on this point, summary judgment will still be denied.

### 3. McCauley's Remaining Objection

McCauley separately objects that Savoie failed to challenge MDOC's rejection of SRF-995 for vagueness during the grievance process, so he has forfeited his ability to do so here. ECF No. 28 at PageID.475.[3]

But "[c]ourts may not engraft [new text] onto the PLRA's exhaustion requirement." *Cf. Ross v. Blake*, 578 U.S. 632, 648 (2016). And the PLRA is clear

---

[3] McCauley adds that requiring Savoie to contest MDOC's vagueness conclusion in his appeals would serve an important policy objective in helping grievants refile more concise grievances. ECF No. 28 at PageID.476. But MDOC could have easily taken advantage of the nine opportunities it had—one at each of the three steps of Savoie's three grievances—to tell Savoie how his grievances were deficient. Yet there is no such evidence in the record.

that "a prisoner confined in any jail, prison, or other correctional facility" must exhaust only "such administrative remedies as are available." 42 U.S.C. § 1997e(a).

Here, MDOC's policy does not say that appeals of grievance denials must challenge the procedural grounds for the denial. On the contrary, it simply states that "[a] grievant whose grievance is rejected may appeal the rejection to the next step as set forth in this policy." MDOC Policy Directive 03.02.130 ¶ I (effective Mar. 18, 2019), *in* ECF No. 18-2 at Page ID.328. Similarly, there is no such qualification in the policy's instructions for filing a Step II grievance (i.e., the first appeal) or a Step III grievance (i.e., the second and final appeal). *Id.* at PageID.332–33 ("A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I or if s/he did not receive a timely response."). Even so, a reasonable juror could conclude that Savoie *did* challenge MDOC's vagueness determination by reiterating the merit of his claims in his Step II and Step III grievances. In this way, a reasonable juror could conclude that Savoie was disputing MDOC's conclusion that his grievances were too vague. So this objection will be overruled, the report will be adopted, and summary judgment will be denied.

## IV. Conclusion

Accordingly, it is **ORDERED** that Defendant McCauley's Objections, ECF No. 28, are **OVERRULED**.

- 18 -

Further, it is **ORDERED** that the Objections of Defendants Angir-Sisco, Sharon Oliver, GPHS, and Wellpath, ECF No. 29, are **SUSTAINED IN PART** and **OVERRULED IN PART**. They are **SUSTAINED** with respect to the issues of (1) exhaustion of administrative remedies for grievances against medical contractors, (2) the vagueness of SRF-733, and (3) the "unofficial policy of understaffing" claim. They are **OVERRULED** in all other regards.

Further, it is **ORDERED** that Magistrate Judge Altman's Report and Recommendation, ECF No. 27, is **ADOPTED IN PART** and **REJECTED IN PART**. It is **REJECTED** to the extent that it recommends (1) that exhaustion of administrative remedies is not required for grievances against medical contractors, (2) that SRF-733 is not vague, and (3) that Savoie stated a plausible *Monell* claim for an "unofficial policy of understaffing." It is **ADOPTED** in all other regards.

Further, it is **ORDERED** that Defendants Angir-Sisco, GPHS, and Wellpath's Motion to Dismiss, ECF No. 13, is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to the unofficial-policy understaffing claim against GPHS and Wellpath. It is **DENIED** with respect to the official-policy understaffing claim against GPHS and Wellpath.

Further, it is **ORDERED** that Defendants Chamberlin and McCauley's Motion for Summary Judgment, ECF No. 18, is **GRANTED IN PART** and

**DENIED IN PART**. It is **GRANTED** with respect to Defendant Chamberlin. It is **DENIED** with respect to Defendant McCauley.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** against Defendant Chamberlin.

Further, it is **ORDERED** that Defendants Angir-Sisco, Oliver, GPHS, and Wellpath's Motion for Summary Judgment, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to Defendant Angir-Sisco and with respect to SRF-733 against Oliver, GPHS, and Wellpath. It is **DENIED** in all other regards.

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** against Defendant Angir-Sisco.

The following table demonstrates the current posture of the case:

| Claim | Defendant | Claim Status |
|---|---|---|
| Official/unofficial policy of not treating known conditions—*Monell* | GPHS and Wellpath | MTD granted—dismissed without prejudice |
| Official/unofficial policy of deficient medical care for profit—*Monell* | GPHS and Wellpath | MTD granted—dismissed without prejudice |
| Unofficial policy of understaffing—*Monell* | GPHS and Wellpath | MTD granted—dismissed without prejudice |
| Official policy of understaffing—*Monell* | GPHS and Wellpath | MTD denied—survives |
| Deliberate indifference— U.S. CONST. amend. VIII | Angir-Sisco | MSJ granted—dismissed without prejudice |
| Deliberate indifference— U.S. CONST. amend. VIII | Chamberlin | MSJ granted—dismissed without prejudice |
| Deliberate indifference— U.S. CONST. amend. VIII | McCauley | MSJ denied—survives |

| Deliberate indifference— U.S. CONST. amend. VIII | Oliver | MSJ denied—survives |
|---|---|---|
| Deliberate indifference—U.S. CONST. amend. VIII | John Does 1–5 | MSJ denied—survives |

Dated: 4/24/2024

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge