UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SAVOIE,

       Plaintiff,                             Case No. 2:23-cv-11357

v.                                         Honorable Susan K. DeClercq
                                              United States District Judge

SHARON OLIVER et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 39)**

In this prisoner-civil-rights case under 42 U.S.C. § 1983, Plaintiff Joseph Savoie has moved under Civil Rule 60(b)(2) to modify this Court's opinion and order, ECF No. 31, dismissing Defendant Sharyl Chamberlin from the case. For the reasons explained below, Savoie's motion will be denied.

**I. BACKGROUND**

Joseph Savoie alleges that, while he was incarcerated at the Saginaw Correctional Facility (SRF), several employees violated his Eight Amendment rights by being deliberately indifferent to his numerous medical conditions. One of those employees was Sharyl Chamberlin, the Health Information Manager at SRF. Savoie says that Chamberlin was responsible for delays in receiving medical care he required. *See* ECF No. 1 at PageID.19 (alleging that Chamberlin "consistently

approved of or authorized the significant delays in Mr. Savoie's treatment including the refusal to schedule him for the Infliximab injections and refusal to send Mr. Savoie for a consultation with another orthopedic surgeon").

In December 2023, Magistrate Judge Kimberly Altman issued a report recommending that Chamberlin be dismissed because Savoie failed to exhaust his administrative remedies as to his claims against her, as is required by the Prison Litigation Reform Act. ECF No. 27. That was because none of Savoie's three grievances identified Chamberlin by name, title, or actions she was alleged to have taken. *Id.* at PageID.461. This failure ran afoul of MDOC policy that "grievances must contain the dates, times, places, and names of all those involved." ECF No. 27 at PageID.458 (citing MDOC PD 03.02.130 ¶ S (underlining omitted)).

Judge Altman found this to be true even as to what was arguably Savoie's most specific grievance, SRF-995, which stated in full:

> Not sure who is on the power kick, but this is my 4th grievance, all denied, so I'm not sure who is at fault, Dr. Oliver or Susan McCauly or Grand Prairie Healthcare or Well Path or whoever is running Health Care Services, but here I sit still in pain needing multiple surgeries with low oxygen for 18 months, and over 150 medical requests later nothing has changed.

ECF No. 18-3 at PageID.341 (cleaned up). Judge Altman found that Savoie's reference to "whoever is running Health Care Services" was not specific enough to put Chamberlin on notice and was thus insufficient to exhaust his claims against her. ECF No. 27 at PageID.461.

Savoie did not object to any portion of Judge Altman's report and recommendation. And in April 2024, this Court adopted the recommendation to dismiss Chamberlin without prejudice from the case. ECF No. 31 at PageID.541–42.

Months later, in October 2024, Savoie moved for relief from judgment under Civil Rule 60(b), seeking to vacate the order dismissing Chamberlin from the case. ECF No. 39. Savoie argues that his motion should be granted because new information about Chamberlin's role in the alleged violations of his constitutional rights came to light. Specifically, while Savoie deposed another Defendant, Susan McCauley,[1] he learned that Chamberlin was the employee responsible for scheduling all his offsite medical appointments during the relevant time periods—a fact that he argues was nowhere in the relevant MDOC policy directives and that he otherwise had no way of knowing. *Id.* at PageID.573–74. The motion became fully briefed on April 1, 2025. *See* ECF No. 48.

## II. STANDARD OF REVIEW

Under Civil Rule 60(b)(2), courts may relieve a party from a final judgment, order, or proceeding on the basis of newly discovered evidence. To succeed, movants must show, by clear and convincing evidence, that they "exercised due diligence to

---

[1] McCauley has also since been dismissed from the case based on the parties' stipulation. *See* ECF No. 40.

- 3 -

obtain the evidence" and that "the evidence is material," in that it "would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (citing *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014), *cert denied*, 575 U.S. 1025 (2015)).

### III. DISCUSSION

Before filing a lawsuit, people challenging the conditions of their confinement must exhaust available administrative remedies. 42 U.S.C. § 1997e(a). To that end, they must use the confining facility's internal grievance process—and do so properly, by complying with "critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This exhaustion requirement gives facilities the first crack at addressing grievances on the merits. *Id.*; *see also Jones v. Bock*, 549 U.S. 199, 204 (2007).

MDOC policy sets forth the specific information that incarcerated people generally must include their grievances. Information in a grievance must "be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (effective Mar. 18, 2019), in ECF No. 18-2 at PageID.330. MDOC may reject a grievance if "[i]t is vague, illegible, or contains multiple unrelated issues." *Id.* at PageID.328. Yet a grievance is sufficient if it gives "fair notice" of the alleged mistreatment or misconduct

forming the basis of the claim. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Despite these requirements, a plaintiff's failure to include a specific individual's name will not always "render exhaustion inadequate," *Kensu v. Rapelje*, No. 12-11877, 2013 WL 1774637, at *4 (E.D. Mich. Apr. 25, 2013) (citing *Jones*, 549 U.S. at 219), so long he provides enough other information to give "fair notice" of the specific people engaged in the wrongdoing, *Burton*, 321 F.3d at 575; *see also Calhoun v. Hill*, No. 2:07-CV-11613, 2008 WL 4277171, at *3 (E.D. Mich. Sept. 17, 2008) (finding exhaustion because "it is obvious from the facts alleged in the grievance that the defendant was involved" (citing *Binion v. Glover*, No. 2:04-CV-13443, 2008 WL 4097407, at *4 (E.D. Mich. Aug. 29, 2008))). Even so, it remains true that generally, "a plaintiff fails to exhaust administrative remedies as to a particular defendant not identified in the grievance if the plaintiff specifically identifies other defendants by name and nothing in the grievance would put the unnamed defendants on notice." *Kensu*, 2013 WL 1774637, at *4.

With this legal backdrop in mind, Savoie argues that given the "new information" about Chamberlin's role as the sole scheduler for offsite medical appointments, it was clear that Savoie was grieving her conduct without naming her in SRF-995. ECF No. 39 at PageID.582. Savoie argues that even though the reference to "whoever is running healthcare" might not have been enough to identify

Chamberlin on its own, the reference to "needing multiple surgeries . . . for 18 months" could have only referred to Chamberlin, given her scheduler role, thus putting MDOC on notice of whom he was grieving. *Id.* at PageID.583.

However, this Court disagrees. Even with this additional information about Chamberlin's role, SRF-995 was too vague to put Chamberlin on notice that Savoie was grieving her conduct. That is because it does not necessarily follow that the lack of prescribed surgeries Savoie describes in SRF-995 was attributable to scheduling issues. In fact, SRF-995 does not mention scheduling at all. Thus, it would be far from clear to MDOC that SRF-995 was grieving Chamberlin's conduct specifically—especially because Savoie explicitly named other parties in his grievance, and because the grievance covered a lengthy 18-month period.

Savoie responds that even though he did not name Chamberlin in his grievance, his failure to do so must be excused because there was no way for him to know that she was the one responsible for scheduling his appointments. ECF No. 39 at PageID.583. That point is understandable. This Court is sympathetic to—as Judge Altman described—"the plight of an inmate attempting to timely grieve prison officials without knowing their identities." ECF No. 27 at PageID.459. And, to be sure, if Savoie had failed to grieve Chamberlin's name only, that might have been excusable. But the bigger problem is that Savoie did not adequately grieve *actions* that were clearly attributable to Chamberlin either—that is, the scheduling of offsite

- 6 -

medical appointments, whether for psoriasis injections or for knee surgery. At bottom, SRF-995's connection to Chamberlin was too attenuated to put MDOC on notice that Savoie was grieving her conduct, and the new information about Chamberlin's role does not change that analysis.

In sum, because the "new" evidence about Chamberlin's role would not have "clearly resulted" in a different outcome as to whether Savoie exhausted his claims against Chamberlin in SRF-995, Savoie is not entitled to relief under Rule 60(b)(2).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Relief from Judgment, ECF No. 39, is **DENIED**.

                                                    */s/Susan K. DeClercq*
                                                    SUSAN K. DeCLERCQ
                                                    United States District Judge

Dated: May 19, 2025